Donovan, J.
Plaintiff Nancy A. Chick (“Chick”) brought this action against her former employer, defendant Franciscan Children’s Hospital and Rehabilitation Center (“Franciscan”), alleging breach of an employment contract. Franciscan has moved for summary judgment, pursuant to Mass.R.Civ.P. 56(c) on the grounds that there are no material facts in dispute, and that it is entitled to judgment as a matter of law. The motion is allowed.
BACKGROUND
The undisputed, material facts are as follows:
Chick is a registered nurse. On January 8, 1979, she began working at Kennedy Memorial Hospital in Boston, which later became Franciscan. She did not enter into a formal employment contract at that time.
On July 25, 1992, Chick signed a document titled “Speed Letter,” which stated as follows:
Nancy Chick RN will renew her contract for the 12° week-end shift for 6 months, work on Unit 5 may be asked to float to Unit 4 if necessary 7A-7P as needed Sat/Sun plus 1 shift a week to make a 32° position.
The document contained the words “Shift Contract” in the upper left-hand corner. The document indicated that it would be effective from August 1, 1992 to February 1, 1993. Itwas signed by D. Hurley on behalf of Franciscan.
During the summer of 1992, Chick received four written warnings related to her job performance. Chick received the first warning after a patient’s parent complained of Chick’s failure to promptly respond to the patient’s ventilator alarm. The second warning resulted from a complaint that Chick had acted in a rude and unprofessional manner. Chick received a third written warning for acting rudely toward the teacher of a patient under Chick’s care. Chick received a fourth warning based upon her failure to adequately supervise an aide under her charge. This warning notice indicated that further complaints about Chick would result in her termination.
In August of 1992, Chick improperly administered the naso gastric feeding of a pediatric patient in contravention of the hospital’s written policy. On August 14, 1992, Chick was given the option of resigning from her position or being subject to termination. Chick refused to resign. Franciscan terminated Chick on August 21, 1992.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “Acomplete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial” and mandates summary judgment is favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991) (citing Celotex v. Catrett, 477 U.S. 317, 322 (1986)).
Chick alleges that she was fired without just cause, in violation of what she claims was an employment contract. She contends that the warning notices she received did not prevent Franciscan from entering into the alleged contract, and that its stated reason for terminating her, poor job performance, was pre-textual. Chick alleges that the true reason for her termination was “to reduce overall payroll in the face of mounting financial obligations, thereby creating a financial windfall.”
Franciscan contends that the document Chick signed merely “embodied the parties’ understanding regarding her [Chick’s] work schedule and her rate of pay, and nothing more.” In the alternative, if the document may be construed as an employment contract pursuant to which Franciscan would need just cause to terminate Chick, Franciscan alleges that the undisputed facts establish just cause as a matter of law.
Chick concedes that she was not hired under an employment contract. She was hired as an employee-at-will. The document that Chick signed on July 25, 1992 did not alter her at-will status. Although the document contained the phrase “shift contract,” the nomenclature does not control, rather the intent of the parties. See Lewis v. Chase, 23 Mass.App.Ct. 673, 677 (1987); Baybank Middlesex v. 1200 Beacon Properties, Inc., 760 F.Supp. 957, 963 (D.Mass 1991). This “shift *303 contract” established only that Chick had agreed to work the 12-hour weekend shift on Saturdays and Sundays and an additional shift during the week, for a total work week of thirty-two hours. The document further established that Chick agreed to work this particular schedule for six months.[1]
The document did not purport to confer any new rights on Chick or to alter her at-will status in any manner. It related solely to her employment schedule, not to the terms of her employment, as she conceded in her deposition. Because Chick was an employee-at-will, Franciscan was not required to show just cause for her termination.[2] Cf. Goldhor v. Hampshire College, 25 Mass.App.Ct. 716, 722 (1988) (“just cause” required to terminate an employee working under an employment contract for a term certain).
Chick’s allegation that Franciscan terminated her as a pretext finds no support in the record. The court does not consider it further.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant Franciscan Children’s Hospital and Rehabilitation Center’s motion for summary judgment be ALLOWED.

 The court notes that although the document does not address Chick’s rate of pay, it is undisputed that as a condition of agreeing to work weekends, Chick received time- and-a-half pay.

 In light of this ruling, the court does not consider whether the facts establish just cause as a matter of law.